UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)   Criminal No.
v. )
)   2003 M 0476 RBC
KHURRAM BHATTI )
Defendant )

## AFFIDAVIT IN SUPPORT OF RULE 40 PROCEEDING

I, Philip Shea, Special Agent, Department of Homeland Security, U.S. Immigration and Customs Enforcement, do hereby make oath before Robert B. Collings, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one Khurram BHATTI on a complaint filed in the Eastern District of New York charging the defendant with money laundering and attempted money laundering, in violation of 18 U.S.C. §1956, and I do hereby make oath that this warrant of arrest is outstanding in said District on the basis of the information set out above. A copy of the warrant is attached.

_____
Philip Shea
Special Agent
Department of Homeland Security
U.S. Immigration and Customs
Enforcement

Subscribed and sworn to before this NOV 25 2003 day of November, 2003.

_____
ROBERT B. COLLINGS
United States Magistrate Judge

W (Rev. EDNY 1996) Warrant for Arrest

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.

KHURRAM LNU,

Defendant.

**FILED UNDER SEAL**

**WARRANT FOR ARREST**

CASE NUMBER: **03-1749M**

TO: Special Agent Robert Etienne, Bureau of Immigration and Customs Enforcement, and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **KHURRAM LNU**
                                          Name

and bring him forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of Court  [ ] Violation  [ ] Probation Violation

charging him with (brief description of offense)

knowingly and willfully conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, to wit: monetary instruments and funds, to wit: approximately $87,000 in United States currency, represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of this section, to be the proceeds of specified unlawful activity, to wit: wire fraud and narcotics trafficking, with intent to conceal and disguise the nature, source, ownership and control of property believed to be the proceeds of specified unlawful activity.

in violation of Title __18__ United States Code, Section(s)__1956__

HON JOAN M. AZRACK
Name of Issuing Officer

[signature]
Signature of Issuing Officer

CHIEF UNITED STATES MAGISTRATE JUDGE
Title of Issuing Officer

November 20, 2003
Brooklyn, New York
Date and Location

By UNITED STATES MAGISTRATE JUDGE

Bail fixed at $_____

**RETURN**

This warrant was received and executed with the arrest of the above name defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

** TOTAL PAGE.02 **

W (Rev. EDNY 1996) Warrant for Arrest

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KHURRAM LNU,

Defendant.

FILED UNDER SEAL

**WARRANT FOR ARREST**

CASE NUMBER:
**03-1749M**

TO: Special Agent Robert Etienne, Bureau of Immigration and Customs Enforcement, and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest KHURRAM LNU
                                         Name

and bring him forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of Court  ☐ Violation  ☐ Probation Violation

charging him with (brief description of offense)

knowingly and willfully conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, to wit: monetary instruments and funds, to wit: approximately $87,000 in United States currency, represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of this section, to be the proceeds of specified unlawful activity, to wit: wire fraud and narcotics trafficking, with intent to conceal and disguise the nature, source, ownership and control of property believed to be the proceeds of specified unlawful activity.

in violation of Title __18__ United States Code, Section(s) __1956__

HON JOAN M. AZRACK
Name of Issuing Officer

CHIEF UNITED STATES MAGISTRATE JUDGE
Title of Issuing Officer

[signature]
Signature of Issuing Officer

November 20, 2003
Brooklyn, New York
Date and Location

By UNITED STATES MAGISTRATE JUDGE

Bail fixed at $_____

**RETURN**

This warrant was received and executed with the arrest of the above named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

IJ:DSM
F. #2003R02732

**03-1749M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

　　- against -

THE PREMISES KNOWN AND
DESCRIBED AS S & U TRADING
LOCATED AT 75-18A BROADWAY
ELMHURST, NEW YORK 11373;

　　- and -

RIAZ SHAHID,
　　also known as "Rial Ul Haq,"
MOHAMMAD JAVED,
　　also known as "Sheikh Iqbal,"
KHURRAM LNU, and
"JOHN DOE,"
　　also known as "Haji Jabbar,"

　　　　　Defendants.
- - - - - - - - - - - - - - - -X

FILED UNDER SEAL

AFFIDAVIT IN SUPPORT
OF SEARCH WARRANT
AND ARREST WARRANTS
(T. 18, U.S.C., §§ 1344
and 1956)

EASTERN DISTRICT OF NEW YORK, SS:

　　ROBERT ETIENNE, being duly sworn, deposes and states that he is a Special Agent of the Bureau of Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such:

　　Upon information and belief, there is probable cause to believe that there will be located within THE PREMISES KNOWN AND DESCRIBED AS S & U TRADING, LOCATED AT 75-18A BROADWAY, ELMHURST, NEW YORK, 11373 ("THE SUBJECT PREMISES") certain property, to wit: cash or other monetary instruments; records and faxes

NOV-24-2003 MON 05:33 PM US CUSTOMS/BOS SAIC       FAX NO. 6175657422         P. 03
NOV 24 2003 16:46 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422  P.04

2

pertaining to the transfer, purchase or possession of monetary instruments or cash; records and documents reflecting structuring of financial transactions, including invoices, receipts, bank statements, and log books; computer equipment, including computer hard drives, monitors, modems, zip drives, zip disks, floppy disks, and compact discs, magnetic tapes and any other computer equipment that could contain or be used to transmit or store any of the described records and documents; computer printouts; money counting machines; fax machines; and adding machines; all of which constitute evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 1956, laundering of monetary instruments; and credit cards, identification documents including but not limited to drivers' licenses and social security cards, receipts, bills, account statements, invoices, accounting records, account numbers, and telephone and address records, all of which constitute evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 1344, bank fraud.

Upon information and belief, in or about and between May 2003 and November 2003, within the Eastern District of New York, the defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known as "Sheikh Iqbal," and KHURRAM LNU did knowingly and willfully conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful

NOV-24-2003 MON 05:33 PM US CUSTOMS/BOS SAIC        FAX NO. 6175657422         P. 04
Case 1:03-mj-00476-RBC    Document 1    Filed 11/25/2003    Page 6 of 16
NOV 24 2003 16:46 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422   P.05

3

activity, to wit: monetary instruments and funds, to wit: approximately $87,000 in United States currency, represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of this section, to be the proceeds of specified unlawful activity, to wit: wire fraud and narcotics trafficking, with intent to conceal and disguise the nature, source, ownership and control of property believed to be the proceeds of specified unlawful activity.

(Title 18, United States Code, Section 1956(a)(3)(B)).

Upon information and belief, in or about and between September 2003 and November 2003, within the Eastern District of New York, the defendants MOHAMMAD JAVED, also known as "Sheikh Iqbal," and "JOHN DOE," also known as "Haji Jabbar," did knowingly and intentionally attempt to execute a scheme and artifice to defraud a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, a financial institution, to wit: Citibank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Section 1344)

4

The source of your deponents' information and the grounds for their beliefs are as follows:[1]

1. I have been a Special Agent with ICE for approximately two years, and have been assigned to the El Dorado Task Force (the "Task Force") for approximately two years. The Task Force is designed to combat narcotics trafficking and money laundering. Through my work on the Task Force, I have participated in several money laundering investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and narcotics records. Through my training, education and experience, I have become familiar with the manner in which the proceeds of narcotics trafficking are laundered and the efforts of persons involved in such activity to avoid detection by law enforcement.

2. The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, other law enforcement officers associated with the Task Force, surveillance, and from review of recorded conversations between an undercover Task Force officer ("UC") and the defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known

---

[1] Because the purpose of this Affidavit is to state only probable cause to search and arrest, I have not described all the relevant facts and circumstances of which I am aware.

NOV-24-2003 MON 05:34 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 06
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 8 of 16
NOV 24 2003 16:47 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422  P.07

5

as "Sheikh Iqbal," KHURRAM LNU, and "JOHN DOE" also known as "Haji Jabbar." The observations of other involved law enforcement agents have been related to me to supplement the activities that I personally observed. The information regarding credit card fraud schemes was provided by U.S. Secret Service agents. All conversations described are in sum and substance.[1]

3.  During the course of my work with the Task Force, I have worked with Secret Service agents investigating what are commonly referred to as credit card "bust out" schemes. In some of these schemes, credit card holders will sell their existing credit cards as well as identification documents to a "broker." The broker will attempt to establish higher credit limits on the cards by "developing" credit files for the cardholders. "Developing" is a process whereby, over a period of time, brokers will make purchases using the cards, and then make full payment to the credit card companies that issued the cards, continuing this process until the credit limit for each card is maximized.

4.  Once the brokers have maximized the credit limits for the credit cards, the brokers will take the credit cards to collusive merchants. The collusive merchants are usually owners of established businesses who willingly participate in the scheme in exchange for a portion of the fraud proceeds. These

---

[1] The recorded original conversations were conducted in either Punjabi or Urdu. The summaries provided herein are compiled from translations of the recorded conversations.

NOV-24-2003 MON 05:34 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 07
NOV 24 2003 16:47 FR US CUSTOMS SAIC/NY 212 243 8283 TO 16175657422 P.08
Case 1:03-mj-00476-RBC    Document 1    Filed 11/25/2003    Page 9 of 16

6

fraudulent charges include, but are not limited to, charges that purport to be for merchandise or services, but for which no actual merchandise or services are exchanged, and charges for which the merchants and credit cards holders know the card issuer will never be paid. The brokers will often obtain new credit card accounts in the credit card holder's name using the provided identification documents. The credit card holder is paid a fee for the fraudulent use of his credit cards, often a percentage of the credit card limit.

## INVESTIGATION

5. In or about March 2003, the Task Force received information that various money remitters in the Elmhurst, New York area were involved in money-laundering activities. Since May 2003, the UC, at the direction and under the supervision of the Task Force, delivered approximately $87,000 in small bills to the defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known as "Sheikh Iqbal," and KHURRAM LNU, at THE SUBJECT PREMISES. The money was represented to be proceeds of wire fraud and narcotics trafficking. At various times, each of these three defendants then counted the cash, and provided to the UC large denominations of cash and money orders in exchange for small denominations of cash. The defendants kept a portion of the laundered cash as a commission.

NOV-24-2003 MON 05:34 PM US CUSTOMS/BOS SAIC       FAX NO. 6175657422        P. 08
NOV 24 2003 16:47 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422       P.09
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 10 of 16

7

6. The defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known as "Sheikh Iqbal," and KHURRAM LNU, typically accepted money from the UC on one day and usually asked him to return on a later day, often two or three days later, to pick up the cash.

7. Between late May and early June 2003, the UC went to THE SUBJECT PREMISES on three different occasions and conducted transactions wherein he gave the defendants small denominations of cash and received in exchange large denominations of cash and money orders.

8. On or about June 18, 2003, the UC entered THE SUBJECT PREMISES and met with the defendants SHAHID and KHURRAM. During a recorded conversation, the UC complained about the terms of conducting transactions with the defendants. The defendant SHAHID instructed the defendant KHURRAM to remember the UC's face and said that it would be okay if the UC brought in "a million dollars." The defendant SHAHID further told the UC that he did not need to call SHAHID on the phone, but that the UC could bring the money directly to the defendant KHURRAM. During the same meeting the defendant SHAHID had the following recorded conversation with the UC:

SHAHID: What is the source of the money?
UC: This is number two money.[1]

---

[1] The term "number two money" is a term commonly used to indicate that the money is derived from illegal activities.

NOV-24-2003 MON 05:35 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 09
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 11 of 16
NOV 24 2003 16:47 FR US CUSTOMS SAIC/NY 212 245 0283 TO 16175657422    P.10

8

| | |
|---|---|
| SHAHID: | I understand this is number two money. What is the specific source? Is it "white" money?[4/] |
| UC: | Yes, it has to do with white. |

The UC made plans to return the next week to conduct a financial transaction.

9. On September 10, 2003, during a recorded telephone conversation, the UC inquired about whether the $42,000 he had previously given to the defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known as "Sheikh Iqbal," and KHURRAM LNU was ready to be picked up. The defendant JAVED told the UC he could pick up $20,000. The UC indicated that he was interested in selling his credit cards and the defendant JAVED told the UC that he would have no problem selling his credit cards and that he wanted to participate in the transaction.

10. On September 11, 2003, the UC entered THE SUBJECT PREMISES and picked up from the defendant RIAZ SHAHID, also known as "Riaz Ul Haq," $20,000 in large denominations of cash in exchange for smaller denominations he had provided on a previous occasion. Later on the same day, the UC met with the defendant MOHAMMAD JAVED, also known as "Sheikh Iqbal," in the UC's vehicle. During a recorded conversation, the defendant JAVED told the UC that he would act as a "middle man" for the sale of the UC's credit cards and that the UC would be paid a percentage

---

[4/] The term "white" refers to narcotics because of the white color of heroin and cocaine.

NOV-24-2003 MON 05:35 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 10
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 12 of 16
NOV 24 2003 16:48 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422 P.11

9

of the actual credit card limit. The defendant JAVED instructed the UC to bring him a list of the UC's credit cards. While still in the car, the UC explained to the defendant JAVED that he wanted to be cautious in his dealings because the money he was having changed into large denominations came from heroin and fraud. The defendant JAVED agreed with the UC's desire to be cautious.

11. On September 12, 2003, the defendant MOHAMMAD JAVED, also known as "Sheikh Iqbal," called the UC and told the UC that he wanted the UC to talk to his friend, later identified as "JOHN DOE," also known as "Haji Jabbar," who is involved with credit card "bust out" schemes. The UC spoke to the defendant "JOHN DOE," also known as "Haji Jabbar." The defendant "JOHN DOE," also known as "Haji Jabbar," told the UC that he wanted to obtain the UC's credit cards and his wife's credit cards in order to commit fraud.

12. On September 17, 2003, the UC entered THE SUBJECT PREMISES and picked up from the defendant RIAZ SHAHID, also known as "Riaz Ul Haq," $20,100 in large denominations of cash in exchange for smaller denominations he had provided on a previous occasion. Also on this occasion, the defendant MOHAMMAD JAVED, also known as "Sheikh Iqbal," introduced the UC in person to the defendant "JOHN DOE," also known as "Haji Jabbar." The UC provided the defendant "Jabbar" with a list of companies and

NOV-24-2003 MON 05:35 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 11
NOV 24 2003 16:48 FR US CUSTOMS SAIC/NY 212 243 3283 TO 16175657422  P.12
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 13 of 16

10

banks where he had credit card accounts and the combined credit limits for each company. One of the banks on the list of the UC's credit card issuer was Citibank. The defendant "Jabbar" and the defendant JAVED discussed with the UC the amount of the credit card limits. The UC told the defendants that he was planning to sell them his credit cards just before leaving the country. The defendant "Jabbar" told the UC that he should return on another day and "Jabbar" would run the UC's credit report and then will apply for approximately five to fifteen additional credit cards for which the UC would be paid. In order to assure the UC that the defendant "Jabbar" would not take advantage of the UC, the defendant JAVED showed the UC approximately fifteen to twenty credit cards that were ready to be "busted out."

13. On October 2, 2003, the UC entered THE SUBJECT PREMISES and, during a recorded conversation, spoke with the defendant RIAZ SHAHID, also known as "Riaz Ul Haq." The defendant SHAHID told the UC that the defendant "JOHN DOE," also known as "Haji Jabbar," was in the business of credit card fraud. The defendant SHAHID told the UC that the defendant MOHAMMAD JAVED, also known as "Sheikh Iqbal," would make a commission when the UC sold his credit cards to the defendant "Jabbar."

14. On October 14, 2003, the UC entered THE SUBJECT PREMISES and, during a recorded a conversation, asked the

NOV-24-2003 MON 05:35 PM US CUSTOMS/BOS SAIC        FAX NO. 6175657422            P. 12
NOV 24 2003 16:48 FR US CUSTOMS SAIC/NY 212 443 0283   TO 16175657422   P.13
Case 1:03-mj-00476-RBC   Document 1   Filed 11/25/2003   Page 14 of 16

11

defendant RIAZ SHAHID, also known as "Riaz Ul Haq," if he could convert $20,000. The defendant SHAHID stated that he could only convert $8,000 at that time but if the UC had come earlier in the day, the defendant SHAHID had approximately $70,000 that he could have given to the UC. The UC then gave the defendant SHAHID $8,000 in small denominations. During the same meeting, the defendant SHAHID kept a two percent commission and gave the UC $7,840 in large denominations. The defendant SHAHID also gave the UC $1,060, which represented money owed to the UC from a prior transaction.

15. Between late October and mid-November 2003, the UC had several phone conversations with the defendant MOHAMMAD JAVED, also known as "Sheikh Iqbal," wherein the defendant JAVED discussed the UC bringing the defendants a large amount of cash to be exchanged and delivering his credit cards to be sold prior to the UC leaving the country.

16. Between May and November 2003, the deposits of Citibank were insured by the Federal Deposit Insurance Corporation.

17. THE SUBJECT PREMISES occupies the first and only floor of a one-story concrete and glass store front on Broadway between 75th and 76th Streets in Elmhurst, New York. There is an awning over the entrance that reads "S & U TRADING." There is one known entrance to THE SUBJECT PREMISES, located directly on

NOV-24-2003 MON 05:36 PM US CUSTOMS/BOS SAIC    FAX NO. 6175657422    P. 13
Case 1:03-mj-00476-RBC    Document 1    Filed 11/25/2003    Page 15 of 16
NOV 24 2003 16:49 FR US CUSTOMS SAIC/NY 212 243 3203 TO 16175657422    P.14

12

Broadway. This entrance is a glass door with a sign affixed to the door which reads, "Authorized Agent of Placid NK Corporation." There are tee shirts and jackets hanging in the windows of the store. The UC advised me that the defendants' business appears to occupy the entire SUBJECT PREMISES.

WHEREFORE, your deponents respectfully request that warrants issue for the arrest of the defendants RIAZ SHAHID, also known as "Riaz Ul Haq," MOHAMMAD JAVED, also known as "Sheikh Iqbal," KHURRAM LNU, and "JOHN DOE," also known as "Haji Jabbar," so that they may be dealt with according to law; and

FURTHERMORE, that a warrant issue authorizing your deponents and other Task Force members and U.S. Secret Service agents, with proper assistance, to enter and search THE SUBJECT PREMISES and seize therein: cash or other monetary instruments; records and faxes pertaining to the transfer, purchase or possession of monetary instruments or cash; records and documents reflecting structuring of financial transactions, including invoices, receipts, bank statements, and log books; computer equipment, including computer hard drives, monitors, modems, zip drives, zip disks, floppy disks, and compact discs, magnetic tapes and any other computer equipment that could contain or be used to transmit or store any of the described records and documents; computer printouts; money counting machines; fax machines; and adding machines; all of which constitute evidence,

13

fruits and instrumentalities of violations of Title 18, United States Code, Section 1956, laundering of monetary instruments; and credit cards, identification documents including but not limited to drivers' licenses and social security cards, receipts, bills, account statements, invoices, accounting records, account numbers, and telephone and address records, all of which constitute evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 1344, bank fraud.

ROBERT ETIENNE
Special Agent
Bureau of Immigration and
Customs Enforcement

Sworn to before me this
20th day of November, 2003

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK